# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Anthony Johnathan Rush

v.

Worrell Enterprises, Inc.

September 10, 1990

Case No. (Law) 4459

By JUDGE JAY T. SWETT

This matter is before the court on plaintiff's motion to vacate an order granting defendant summary judgment and also on defendant's second motion for summary judgment. It will be helpful to summarize the procedural history of this litigation.

On March 2, 1990, plaintiff filed a motion for judgment against defendant in which he alleged that a newspaper article published on October 24, 1989, was defamatory. Defendant filed a grounds of defense and a motion for summary judgment. Defendant's motion for summary judgment was briefed and argued. On July 18, 1990, defendant's motion for summary judgment was granted. Plaintiff timely filed a motion to vacate or reconsider. Defendant filed a second motion for summary judgment. In order to have ample time to consider the additional arguments and authorities, the July 18, 1990, order was vacated.

The facts presented in the motion for judgment are as follows. On October 24, 1989, the defendant's newspaper, *The Daily Progress*, published an article concerning a criminal trial that occurred on October 24, 1989, in the Circuit Court of the City of Charlottesville. The defendant in the criminal trial, Murray Lee Hill, was convicted of cocaine distribution.

In describing the trial, the article stated that a friend of Hill's, Sidney Cutcheons, was working with an undercover police officer to arrange for purchases of crack cocaine. Cutcheons asked Hill if he, Hill, could obtain crack cocaine. The article stated that Hill told Cutcheons that he "would try and went to another friend, Anthony Rush, to arrange the sale." The article stated that Rush "was also working for the police, according to testimony, and [Rush] gave Hill two rocks and told him [Hill] to make the sale." The article stated that Hill made the sale to Cutcheons and to an undercover police officer in Rush's apartment. The article also discussed the argument of Hill's defense attorney, that Hill was selling the crack as "an accommodation" which, if true, would have resulted in a lesser sentence if Hill was convicted. The article mentioned the Commonwealth Attorney's response to this argument: "if he [Hill] accommodated anyone, it was the supplier Rush, and that he [Hill] knew he was breaking the law."

The plaintiff here is Anthony Johnathan Rush who lives in Charlottesville. Plaintiff Rush is not the Anthony Rush mentioned in the news article. On May 1, 1990, plaintiff Rush filed a defamation action against the defendant contending that the allegations as to him are false and, as a result has suffered humiliation, distress, anxiety, and that his reputation in the community has been damaged because people believe the article referred to him.

On July 18, 1990, this court granted defendant's first motion for summary judgment on the grounds that the publication was subject to a qualified privilege which had to be overcome by proof of malice. The motion for judgment did not allege malice nor were there facts pleaded to prove malice. After reconsidering argument of counsel and reviewing additional authorities, the court has concluded that this is not a case of qualified privilege, and

malice need not be pleaded or proven. Therefore, this court's earlier decision was erroneous.

A defamation action against a media defendant requires reaching the appropriate balance between First Amendment guarantees of freedom of press and speech and the competing legitimate interest of the states to protect its citizens from wrongful injury to reputation. To reach the appropriate balance, the elements of a defamation action by a private plaintiff against a media defendant have evolved to the following.

The plaintiff has the initial burden to prove by a preponderance of the evidence that a publication is defamatory. *The Gazette v. Harris*, 229 Va. 1, 15 (1985). To be defamatory, the plaintiff must prove that the article was of and concerning him and that the publication was false.

If the plaintiff alleges and proves sufficient facts to find a publication defamatory, then the court must consider whether the defamatory statement makes substantial danger to a plaintiff's reputation apparent. This determination is made by the trial judge. *Great Coastal Express v. Ellington*, 230 Va. 142, 151-152 (1985); *The Gazette v. Harris, supra*, 229 Va. at 15. If the trial judge determines that the statement makes substantial danger to reputation apparent, then the plaintiff must prove by a preponderance of evidence that the statement was negligently made. If the trial judge determines that no substantial danger to reputation is apparent from the statement, then the plaintiff may recover only if *New York Times* malice is established. *Great Coastal, supra*, 230 Va. at 152. *The Gazette, supra*, 229 Va. at 15.

The next consideration is whether the publication is subject to either a qualified or an absolute privilege. If a privilege does apply, then the plaintiff must show the loss of or abuse of the privilege before he can recover. It is for the trial judge to determine whether the communication is subject to a qualified or absolute privilege. *Great Coastal, supra*, 230 Va. at 153; *Aylor v. Gibbs*, 143 Va. 644, 648 (1925).

Whether a communication is subject to a privilege depends on the circumstances of the communication. A qualified privilege has been defined as follows:

> A communication, made in good faith, on a subject matter in which the person communicating has an interest, or owes a duty, legal, moral, or social, is qualifiedly privileged if made to a person having a corresponding interest or duty. *Taylor v. Grace*, 166 Va. 138, 144 (1936).

To defeat a qualified privilege, a plaintiff must prove common law malice, which is defined as:

> [B]ehavior actuated by motives of personal spite, or ill will, independent of the occasion on which a communication was made. *The Gazette, supra*, 229 Va. at 18.

Another type of privilege recognized in Virginia is absolute privilege. An absolute privilege applies to the publication of a news article which is based upon a report of public records or of judicial proceedings. If a communication is absolutely privileged, then the truth or falsity of the publication is not the issue. Rather, the question is whether the article was published in good faith and was a substantially accurate account of the record or of the judicial proceeding. *Alexandria Gazette Corp. v. West*, 198 Va. 154, 159 (1956). Thus the incorrectness or falsity of the publication does not destroy the privilege. However, the published report must be a fair and substantially accurate account of the judicial record or proceeding. *Id*. at 160; *Times-Dispatch Publishing Co. v. Zoll*, 148 Va. 850, 858-859 (1927). If the publication is found to be a substantial departure from the judicial proceeding or record, then the privilege is lost.

Unlike a qualified privilege, which requires a showing of common law malice in order to be defeated, the loss of the absolute privilege depends upon an objective review of the publication. The absolute privilege is lost if the publication is a substantial departure from the public proceeding or record. If the facts are not in dispute and reasonable people could not differ whether or not the publication constitutes a substantial departure from the public record, then the issue of whether the absolute privilege is lost is one for the trial judge. On the other hand, if reasonable people could differ whether or not

the article is an impartial and accurate account of the judicial proceeding, then the issue should be decided by a jury.

In reviewing the various authorities, the cases do not always accurately distinguish between circumstances which invoke a qualified privilege and those which invoke an absolute privilege. However, it is clear that the privilege which applies here is an absolute privilege rather than a qualified privilege. Thus the presence or absence of malice is not an issue in this case.

The final issue is the appropriate standard of fault. Since *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974), an action for defamation must be based on a fault standard. Recovery for injury to reputation may no longer be based on strict liability. In a defamation action where the content of the article makes substantial danger to reputation apparent, the plaintiff may recover by proving by the greater weight of the evidence that the defendant publisher was negligent. *The Gazette, supra*, 229 Va. at 15. Negligence incorporates the standard of reasonable and ordinary care. When negligence is the standard, a plaintiff is entitled to recover when he proves by the greater weight of the evidence that the defendant made a false publication about the plaintiff which the defendant knew to be false or, believing it to be true, either lacked reasonable grounds for such belief or acted negligently in failing to ascertain the facts on which the statement was based. *The Gazette, supra*, 229 Va. at 15.

Applying these principles to this case is not an easy task. The first hurdle plaintiff must cross in order to recover is whether the article was "of or concerning him." Plaintiff does not contend that the author of the article intended to refer to Anthony Rush, the plaintiff. Moreover, as the defendant points out, there is no claim that the article was not substantially accurate regarding the Anthony Rush referred to during the Hill trial. The claim is that the allegations are false as to the plaintiff, Anthony Johnathan Rush.

Whether the author of the article intended to refer to the Anthony Rush of the Hill trial or to the plaintiff is not determinative. A communication which is intended to refer to person A, but which reasonable people understand

to refer to person B, may be the basis for an action for defamation.

> A defamatory communication is made concerning the person to whom its recipient correctly, or mistakenly but reasonably, understands it as intended to refer. Restatement (Second) of Torts § 564.

Another way of stating the issue is as follows:

> The test is not whom the story intends to name, but who a part of the audience may reasonably think is named "not who is meant but who is hit . . . ." *Sims v. Kiro*, 20 Wash. App. 229, 234, 580 P.2d 642, 645 (1978). *See also* Stack, *Libel and Related Problems*, § II.8.

This type of case has been referred to as a "mistaken identification" case. *Mills v. Kingsport Times-News*, 475 F. Supp. 1005, 1010 (W.D. Va. 1979). An example is *News Leader Co. v. Kocen*, 173 Va. 95 (1939). In *Kocen, supra*, the newspaper defendant reported a criminal matter by giving the name and address of the plaintiff. The criminal matter involved a person with the same name, but with a different address. The Virginia Supreme Court confirmed that it was a jury issue whether the error committed by the newspaper was due to its negligence. *Kocen*, 173 Va. at 102.

The misidentification case is different from the inaccurate reporting case such as *Alexandria Gazette v. West*, 198 Va. 154 (1956). Both may involve the defense of absolute privilege. However, inaccurate reporting cases do not involve the question whether the publication is about the plaintiff. Rather, they involve the question whether the information about the plaintiff is false.

Here, plaintiff Rush will have to prove that the publication was reasonably understood by others to be referring to him. The motion for judgment alleges that others viewed the publication as referring to him. Thus at this stage, it appears to be a matter of the sufficiency of the evidence and whether the plaintiff can prove this particular element of his case.

If there is evidence that the publication was understood to refer to the plaintiff, then the article was false. The motion for judgment states that plaintiff, Anthony Johnathan Rush, was not involved in drug transactions with Hill.

Assuming that the plaintiff proves the defamatory publication was of and concerning him, did the substance of the publication make substantial danger to the plaintiff apparent? Here, viewing the circumstances objectively and reading the article as a whole, the court is satisfied that the answer is that it did, and that a "reasonable and prudent editor should have anticipated that the words used contained an imputation necessarily harmful to reputation." *The Gazette v. Harris*, 229 Va. 1, 28 (1985). Having made the determination that the publication makes substantial danger to reputation apparent, the fault standard to measure the defendant's conduct is negligence. *Id.*, 229 Va. at 15; *Great Coastal Express, supra*, 230 Va. at 152.

Here, the plaintiff alleges that the publication should have included other names or references to the Anthony Rush referred to during the criminal trial. On the other hand, the defendant contends that the article represented a substantially accurate report of the criminal trial. The defendant's argument, while valid, does not quite go far enough. Here, the plaintiff contends that there was additional information available to the defendant which was presented during the judicial proceeding or which was otherwise available that should have been included in the article in order for it to be a fair and substantially accurate report of the criminal trial. Had this additional information been included, the plaintiff contends that he would not have been confused with the Anthony Rush involved in the criminal drug trial.

At this stage of the litigation, the plaintiff's motion for judgment is sufficient to present a triable issue of fact on the three essential elements of his claim. The first is whether the publication was of and concerning the plaintiff, and if so, was the publication false? Second, the court finds that the publication was subject to an absolute privilege. The plaintiff should be entitled to proceed with discovery to see if he can prove that the article was not a fair and substantially accurate account

of the judicial proceeding. Third, if the jury should find that the absolute privilege has been lost, then there are sufficient facts pleaded in the motion for judgment to present a jury issue whether the defendant acted negligently in failing to ascertain the facts on which the publication was based.

In conclusion, the plaintiff's motion for judgment is sufficient to deny the defendant's motion for summary judgment. The matter shall be reinstated on the docket for the purposes of discovery and proceeding toward a trial.